FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN 31 A 9 15
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARVIN TURNER,

    Plaintiff,

v.

                      CIVIL ACTION NO.: CV612-030

DON JARRIEL; TARMARSHE SMITH;
DARREL GORDON; TRAVIS SANDERS;
AMANDA TOOTLE; ALTON MOBLEY;
LARRY WADE; TAMMIE THOMAS;
HUMBERTO HURTADO; and
RONNIE BERRY,

    Defendants.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants[1] filed Objections and a Supplement to their Objections to the undersigned's Report dated January 10, 2013, which recommended that their Motion to Dismiss be denied. In their Objections, Defendants argue that the undersigned should have determined that Plaintiff's Complaint is barred by the doctrine of res judicata. The undersigned agrees, and the Report dated January 10, 2013, is **vacated**.

---

[1] Defendants Smith, Gordon, Tootle, Mobley, Wade, Thomas, Hurtado, and Berry ("the moving Defendants") moved for dismissal. The moving Defendants asserted that Defendants Jarriel and Sanders, at the date of the filing of their Motion to Dismiss, had not yet been served. However, the moving Defendants also asserted that their Motion to Dismiss would be applicable to Defendants Jarriel and Sanders should they be served in the future. The Court agreed, and noted that the Report dated January 10, 2013, was intended to address the claims brought in the moving Defendants' Motion to Dismiss as to all Defendants. Since the date of the Report, Defendant Jarriel has submitted a waiver of service and filed a Motion to Join all previously filed motions and responses of the Defendants, which the Court granted. As of the date of their Objections, the moving Defendants and Defendant Jarriel assert that Defendant Sanders still has not been served. Because the Report at issue was intended to address the claims brought by the moving Defendants on behalf of all Defendants, this Order and Report also applies to all Defendants.

Plaintiff, an inmate currently incarcerated at Telfair State Prison in Helena, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants filed a Motion to Dismiss, to which Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendants Sanders, Tootle, Mobley, Wade, Hurtado, Thomas, and Berry came into his cell to carry out Defendant Jarriel's order to extract Plaintiff from his cell by whatever force was necessary to take Plaintiff to the hospital floor to be forcibly given a tuberculosis skin test. Plaintiff contends that Defendant Sanders pepper-sprayed him in a non-ventilated area, and then other officers shot "pepper-ball projectiles" which hit Plaintiff. (Doc. No. 2, p. 4). Plaintiff also contends that Defendant Sanders ordered hands-on force to be used against Plaintiff. Plaintiff avers that he was shocked by an electric shock shield, had his arms and legs twisted, was put in a choke hold, and slammed onto the concrete floor. Plaintiff asserts that Defendants Jarriel, Smith, and Gordon were present during this incident. Plaintiff contends that he was dragged to the hospital floor and refused to have the skin test. Plaintiff asserts that Defendant Jarriel ordered officers to take Plaintiff back to his cell and place him on stripped cell status. Plaintiff alleges that he was placed in his cell without a mattress, blanket, sheets, hygiene products, or clothing, and it was extremely cold. Plaintiff contends that he was transferred not long after this incident as punishment for filing a grievance. Plaintiff's Complaint was served on the previously-mentioned Defendants for potential use of excessive force and retaliation.

2

Defendants moved for dismissal of Plaintiff's Complaint on three grounds. First, Defendants assert that Plaintiff's Complaint is barred by the doctrine of res judicata. Second, Defendants assert that Plaintiff has failed to state a claim for the use of excessive force upon which relief may be granted. Finally, Defendants assert that they are shielded from liability under a theory of qualified immunity. Because the undersigned agrees that Plaintiff's Complaint is barred by the doctrine of res judicata, Defendants' two remaining grounds for dismissal do not need to be addressed.

## STANDARD OF REVIEW

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint

3

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff's Complaint is barred by the doctrine of res judicata because Plaintiff brought the same claims against the same Defendants in the Superior Court of Tattnall County. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. . . . In the Eleventh circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted). Defendants' res judicata argument is based on a 2010 action

filed by Plaintiff in the Superior Court of Tattnall County, Turner v. Jarriel, No. 2010-NH-8-RR. (Doc. No. 29-2).

### I. Court of competent jurisdiction

Plaintiff argues that the Superior Court of Tattnall County was not a court of competent jurisdiction to entertain the claims he brought there. In Georgia, "[t]he superior courts have authority . . . [t]o exercise original, exclusive, or concurrent jurisdiction, as the case may be, of all causes, both civil and criminal, granted to them by the Constitution and laws[.]" O.C.G.A. § 15-6-8. "The superior courts shall have jurisdiction in all cases, except as otherwise provided in [the State of Georgia] Constitution." Ga. Const. art. VI, § IV, ¶ I. Plaintiff argues that the immunity granted to Defendants by the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20, et. seq., divests the superior courts of subject matter jurisdiction over cases such as Plaintiff's Tattnall County case. However, Plaintiff's argument is misplaced. The immunity granted to Defendants by the GTCA divests the superior courts of the power to entertain certain claims. See, e.g., O.C.G.A. § 50-21-25(a). However, the GTCA does not divest the superior courts of jurisdiction over the action as a whole[2]; it does not have the power to divest the superior courts of jurisdiction over actions as a whole because it is not part of the Constitution of the State of Georgia. Consequently, the

---

[2] "Subject matter jurisdiction has been defined as the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. . . . But jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the court's attention, but jurisdiction of the class of cases to which that particular case belongs." Vann v. DeKalb Cnty. Bd. of Tax Assessors, 367 S.E.2d 43, 46 (Ga. App. 1988) (internal punctuation and citation omitted). Superior courts in the State of Georgia have the power to deal with tort claims; the GTCA simply makes the facts in some cases insufficient to invoke the exercise of that power.

AO 72A
(Rev. 8/82)

dismissal of Plaintiff's Tattnall County case was rendered by a court of competent jurisdiction.

## II. Final judgment on the merits[3]

Plaintiff's Tattnall County case was dismissed pursuant to O.C.G.A. § 9-15-2(d), which states that when a plaintiff, who is not represented by an attorney, proceeds *in forma pauperis* a "judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading." Georgia courts have construed orders denying filing under this code section to be akin to a dismissal of the complaint for failure to state a claim upon which relief can be granted. See Morgan v. Aaron Rentals, 729 S.E.2d 585, 585–86 (Ga. App. 2012) (citing Grant v. Byrd, 461 S.E.2d 871 (Ga. 1995) and Evans v. City of Atlanta, 377 S.E. 2d 31 (Ga. App. 1988)); Romano v. Ga. Dep't of Corr., 693 S.E.2d 521, 523 (Ga. App. 2010) (citing Gamble v. Ware Cnty. Bd. of Educ., 561 S.E.2d 837 (Ga. App. 2002)); Mosier v. State Bd. of Pardons & Paroles, 445 S.E.2d 535, 536 (Ga. App. 1994) (citations omitted). "If the pleading sets forth a claim . . . the trial court must allow it to be filed." Mosier, 445 S.E.2d at 536 (citations omitted). Because Plaintiff's

---

[3] In Defendants' Supplement to their Objections, they argue that O.C.G.A. § 9-11-41(b) supports their position that the dismissal of Plaintiff's Tattnall County case was a judgment on the merits. The undersigned considered that code section when writing the now vacated January 10, 2013, Report. However, at that time, the order dismissing Plaintiff's Tattnall County case did not appear to necessarily be one for failure to state a claim upon which relief can be granted. Therefore, the undersigned could not unquestionably determine that the dismissal was not for lack of jurisdiction, improper venue, or lack of an indispensable party, all of which are excluded from the mandate of § 9-11-41(b). As explained in this section of this Report, it is now clear to the undersigned that the dismissal in Plaintiff's Tattnall County case was for failure to state a claim upon which relief can be granted; therefore, Defendants correctly argue that § 9-11-41(b) does provide additional authority in support of their res judicata defense.

AO 72A
(Rev. 8/82)

Tattnall County complaint was not allowed to be filed, the judge must have determined that it did not set forth a claim. "A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice." Roberson v. Northrup, 691 S.E.2d 547, 548 (Ga. App. 2010) (citations omitted). Consequently, the dismissal of Plaintiff's Tattnall County case was a final judgment on the merits of that case.

### III. Same parties

A review of the 2010 Tattnall County complaint shows that Plaintiff brought the same allegations brought in the instant action against the same Defendants named in the instant action. (Doc. No. 29-2, pp. 9–10, 20–39). Plaintiff does not contest Defendants' assertion that the parties are the same. (Doc. No. 34, p. 9).

### IV. Same causes of action

A review of the 2010 Tattnall County complaint shows that Plaintiff brought the same allegations set forth in the instant action against the same Defendants named in the instant action. (Doc. No. 29-2, pp. 9–10, 20–39). Plaintiff does not contest Defendants' assertion that the causes of action are the same. (Doc. No. 34, p. 9).

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** as barred by the doctrine of res judicata.

SO ORDERED and REPORTED and RECOMMENDED, this 31st day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)